# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                      )
**UNITED STATES of AMERICA**          )
                                      )          **Criminal No.**
         **v.**                       )          **17-10291-FDS**
                                      )
**RICHARD G. CODY,**                  )
                                      )
         **Defendant.**               )
_____)

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582

**SAYLOR, C.J.**

This is a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

On November 9, 2018, defendant Richard G. Cody pleaded guilty to one count of investment advisor fraud in violation of 15 U.S.C. §§ 80b-6, 80b-17 and two counts of making a false declaration under oath in violation of 18 U.S.C. § 1623(a).

On March 6, 2019, Cody was sentenced to a guideline sentence with a term of imprisonment of 24 months followed by three years of supervised release. For various medical reasons, he did not self-surrender until October 16, 2019, when he began serving his sentence.

On June 19, 2020, the Court received a letter from Cody, requesting that he be immediately released from the custody of the Bureau of Prisons ("BOP") and permitted to serve the remainder of his sentence under home confinement. That letter will be construed as a motion for compassionate release under 18 U.S.C. § 3582(c). For the following reasons, that motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been

imposed." 18 U.S.C. § 3582(c).  A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies.  *Id.* § 3582(c)(1)(A).  To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received.  *See id.*

Here, it does not appear that defendant has exhausted his administrative remedies.  In his letter, he mentions only that he has "petitioned [his] case manager to send [him] to home confinement."  (Def. Mot. at 3).  There is no indication that he filed a request with the warden of his institution to move on his behalf for a reduced sentence, let alone that 30 days have since elapsed or that such a request was denied and then appealed.  (*See id.*).  Thus, he has not shown that he has exhausted his administrative remedies before filing this motion.

In any event, even assuming the Court has the authority to consider defendant's request, it will be denied.  A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  "Extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons.  U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (2018); Bureau of Prisons Program Statement 5050.50 (2019).

Defendant contends that the "extraordinary and compelling" reasons to reduce his sentence to time served are that (1) the ongoing coronavirus pandemic poses a threat to his health

and safety; and (2) due to a recent tornado, he has been transferred to a medium-security facility where conditions are worse than at the facility from which he was moved and he is at a greater risk of contracting the coronavirus.  However, it does not appear that defendant has any medical conditions that make him especially vulnerable to COVID-19.  Nor does it appear that there are many documented cases of COVID-19 at the BOP institution where he is located.  He avers only that one staff member has tested positive, but there is no indication that he had any contact with that staff member, or that any other prisoners at his institution have contracted the disease.

Furthermore, the sentencing factors set forth in § 3553 militate against his release. Defendant pleaded guilty to defrauding three victims of hundreds of thousands of dollars of their retirement savings.  He made repeated and concerted attempts to conceal his fraud, including forging financial documents and giving false testimony in a sworn deposition.  If he is released to home confinement now, he will have served only 8 of the 24 months that he was sentenced to serve in federal custody.  Such a sentence would not sufficiently reflect the seriousness of his offense, nor would it provide adequate deterrence to criminal conduct.  Therefore, under the circumstances, defendant has not shown that "extraordinary and compelling reasons" warrant reducing his sentence as requested.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor IV_____
F. Dennis Saylor IV
Dated:  July 7, 2020                    Chief Judge, United States District Court

3